IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CHESTER LOWE HUFF | § | |
| | § | |
| v. | § | C.A. NO. C-09-139 |
| | § | |
| NATHANIEL QUARTERMAN | § | |

**MEMORANDUM AND RECOMMENDATION
TO GRANT RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

Petitioner is a state prisoner currently incarcerated at the McConnell Unit in Beeville, Texas. (D.E. 1, at 1). On June 17, 2009, Petitioner filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254, alleging the Texas Department of Criminal Justice denied him Due Process in a prison disciplinary hearing. (D.E. 1, at 7-8). Pending is Respondent's motion for summary judgment. (D.E. 12). Petitioner has failed to file a response.[1] For the reasons stated herein, it is respectfully recommended that the Respondent's motion for summary judgment be granted, and that this habeas action be dismissed.

**I. JURISDICTION**

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254, which provide that jurisdiction is proper where the inmate is confined, or where the conviction was obtained. Wadsworth v. Johnson,

---

[1] Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition.

235 F.3d 959, 961-62 (5th Cir. 2002).  Petitioner is incarcerated in Beeville, Texas. (D.E. 1).  Jurisdiction is therefore proper in this Court.

## II.  BACKGROUND

On November 6, 1990, Petitioner was convicted of robbery and sentenced to 30 years imprisonment.  (D.E. 1, at 2); (D.E. 12, Ex. A).  While incarcerated, he was charged on July 31, 2008 with threatening Officer E. Longoria.  Disciplinary Hearing Record ("DHR") at 1.  Petitioner was given notice that day that the alleged incident occurred on July 30, 2008 at the "B 4 Entrance" and involved him threatening Officer Longoria by saying, "Come here bitch and I'll make me your problem, let me get a hold of you."  Id.  He pled not guilty to the charge, was awarded counsel substitute, and was to receive a disciplinary hearing on August 6, 2008, id., but did not actually receive one until August 7, 2008.  Although it is not perfectly clear why the date was changed, Petitioner alleges the original disciplinary hearing officer ("DHO") recused himself because he had personal knowledge of the charges and assigned a new DHO.  (D.E. 1, at 14).

At the hearing, Petitioner made a statement and offered the written statements of two officers and two prisoners who were in the general area of the incident who claimed to not have heard any threat made by Petitioner.  DHR 5, 10-13.  In the case against Petitioner, Officer Longoria's offense report was offered as

evidence as was a preliminary investigation report, <u>id.</u> at 8-9, and Officer Longoria's testimony was provided via telephone. Petitioner was also able to cross-examine Officer Longoria through counsel substitute. After hearing the evidence, the DHO found the Petitioner guilty and sentenced him to 45 days without recreation or commissary privileges, 15 days in solitary confinement, a reduction in line class from S3 to L1, and a revocation of 90 days of his good time credit. <u>Id.</u> at 1.

On August 12, 2008, Petitioner filed a Step 1 grievance appealing his guilty finding and attacking the evidentiary basis for it. Disciplinary Grievance Record. That grievance was rejected. <u>Id.</u> On September 18, 2008, he then filed a Step 2 grievance, which again challenged the evidence supporting his guilty finding. <u>Id.</u> That grievance was also rejected. <u>Id.</u> On June 17, 2009, Petitioner filed his petition for habeas corpus with this Court. (D.E. 1, at 1).

### III. PETITIONER'S ALLEGATIONS

Petitioner raises four grounds for relief pursuant to Due Process: (1) Officer Longoria perjured herself and gave false testimony; (2) he was found guilty in the face of exculpatory evidence; (3) the rules and procedures for a disciplinary hearing were not followed; and (4) he had a liberty interest in his good time credits, which were taken away, and line status, which was changed. (D.E. 1, at 7-8).

## IV.  DISCUSSION

Respondent seeks summary judgment and dismissal of the petition on the grounds that Petitioner fails to state a claim upon which relief can be granted. (D.E. 12, at 1).

### A.  The Standard Of Review For Summary Judgment Motions.

Rule 56 of the Federal Rules of Civil Procedure applies to federal habeas corpus cases.  Clark v. Johnson, 202 F.3d 760, 764-65 (5th Cir. 2000) (citations omitted).  Summary judgment is appropriate when there is no disputed issue of material fact, and one party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  Courts must consider the record as a whole, including all pleadings, depositions, affidavits, interrogatories and admissions on file, in the light most favorable to the non-movant.  Caboni v. Gen. Motors Corp., 278 F.3d 448, 451 (5th Cir. 2002).

The party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact and informing the court of the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which support its contention.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Williams v. Adams, 836 F.2d 958, 960 (5th Cir. 1988).  Any controverted evidence

must be viewed in the light most favorable to the non-movant, and all reasonable doubts must be resolved against the moving party.  See Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990).

If the moving party makes the required showing, then the burden shifts to the non-movant to show that a genuine issue of material fact remains for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-87 (1986); Fields v. City of S. Houston, 922 F.2d 1183, 1187 (5th Cir. 1991) (citation omitted).  The non-movant cannot merely rest on the allegations of the pleadings, but must establish that there are material controverted facts in order to preclude summary judgment.  Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986) (citation omitted).  Summary judgment is proper if the non-movant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof.  Celotex, 477 U.S. at 322-23; ContiCommodity Servs., Inc. v. Ragan, 63 F.3d 438, 441 (5th Cir. 1995) (citations omitted).

**B.     Officer Longoria's Testimony Did Not Violate Petitioner's Rights.**

Petitioner claims Officer Longoria perjured herself and gave false testimony at his hearing and that this violated his Due Process rights.  (D.E. 1, at 7). "[A]lthough pro se habeas petitions must be construed liberally, 'mere conclusory

allegations on a critical issue are insufficient to raise a constitutional issue.'" Koch v. Puckett, 907 F.2d 524, 530 (5th Cir. 1990) (citations omitted).

The Supreme Court has explained that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974) (citation omitted); accord Broussard v. Johnson, 253 F.3d 874, 876 (5th Cir. 2001) (per curiam) (citing Wolff). In Wolff, the Supreme Court held that Due Process requires an inmate facing a disciplinary action be provided: (1) a written notice of the disciplinary action charges, at least 24 hours before the hearing; (2) a written statement by the fact finder of the evidence and reasons for the disciplinary action; and (3) an opportunity to present evidence and call witnesses in his defense, if not unduly hazardous to institutional safety or correctional goals. 418 U.S. at 564-66.

From the records, the Due Process requirements mandated by Wolff were indeed met in this case. Petitioner was provided with notice of his disciplinary hearing and the charge against him on July 31, 2008, which was much more than 24 hours before his hearing. DHR 1. He also received a report of the disciplinary hearing along with evidence relied upon by the DHO to make his decision. Id. Moreover, he was allowed to read into evidence the statements of four witnesses and cross-examine Officer Longoria after she testified. Petitioner has made this

conclusory claim against Officer Longoria without offering any evidence that was not heard or considered by the DHO at his hearing. He had the opportunity to confront Officer Longoria, prove her testimony to be false, and attack her credibility. Nevertheless, the DHO came to his conclusion while affording Petitioner all the Due Process rights set out in Wolff. Therefore, it is respectfully recommended that Officer Longoria's testimony did not violate Petitioner's rights.

**C.      The Guilty Finding Notwithstanding The Witness Statements Did Not Violate Petitioner's Rights.**

Petitioner claims he was found guilty in the face of exculpatory evidence, mainly the four witnesses' statements that they did not hear a threat, and that this violated his Due Process right. (D.E. 1, at 7). In federal habeas cases, review of the evidentiary support for a DHO's decision is extremely limited; due process requires only "some evidence to support the findings made in the disciplinary hearing." Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 457 (1985); see also Broussard, 253 F.3d at 877 ("Prison disciplinary proceedings are overturned only where no evidence in the record supports the decision.") (citation omitted). Even where there is no direct evidence and the existing evidence is meager, the findings may still be sufficient to support disciplinary sanction. Hill, 472 U.S. at 457. A federal court should not disturb a DHO's decision unless the petitioner can show that it was arbitrary and capricious. Id.; Banuelos v.

McFarland, 41 F.3d 232, 234 (5th Cir. 1995) (per curiam) (citation omitted). Specifically, the Fifth Circuit has explained that an offense report by itself, written by an officer with firsthand knowledge, is "some evidence" to support the prison disciplinary board's finding of guilt. Hudson v. Johnson, 242 F.3d 534, 537 (5th Cir. 2001) (citation omitted).

In this case, the DHO's decision was not only based on an offense report written by Officer Longoria, but also on her testimony at the hearing. Furthermore, the DHO heard Petitioner's cross-examination of Officer Longoria, considered the witness statements, and still found Petitioner guilty. The DHO simply did not find these witness statements credible. The offense report, which was sufficient pursuant to Hudson, and the other evidence were more than "some evidence" necessary for a guilty finding. Therefore, it is respectfully recommended that Petitioner's rights were not violated by the DHO's finding in spite of the witness statements.

**D.     Petitioner Has No Liberty Interests In His Good Time Credits Or Line Class.**

Petitioner claims he has a liberty interest in his good time credits, which were taken away, and line class, which was changed. (D.E. 1, at 8). Apparently, he does not challenge the other portions of his punishment, so the only ones that will be considered here are his loss of good time and change in line class.

A petitioner challenging a disciplinary hearing must show that the punishment intrudes on a protected liberty interest "so as to entitle him to those minimum procedures appropriate under the circumstances and required by the due process clause to insure that this state-created right is not arbitrarily abrogated." Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997) (citing Wolff, 418 U.S. at 557); see also Malchi v. Thaler, 211 F.3d 953, 957 (5th Cir. 2000) ("Federal habeas relief cannot be had 'absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution....'") (citation omitted). The Supreme Court has explained that "these [liberty] interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force ..., nonetheless imposes atypical and significant hardship ... in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995) (citations omitted). The Fifth Circuit has further explained "that these interests are generally limited to state created regulations or statutes which affect the quantity of time rather than the quality of time served by a prisoner." Madison, 104 F.3d at 767.

9

### 1.     Petitioner had no liberty interest in his good time credits.

Texas state prisoners may become eligible for release either by parole, or through a mandatory supervised release program.  Id. at 768.  Since 1977, Texas law has provided that good conduct time credits "appl[y] only to eligibility for parole or mandatory supervision," rather than an actual reduction in an inmate's sentence.  Ex parte Hallmark, 883 S.W.2d 672, 674 (Tex. Crim. App. 1994) (per curiam) (quoting Tex. Rev. Civ. Stat. Art. 6181-1 § 4) (now codified at Tex. Gov't Code § 498.003(a)).  The Texas Court of Criminal Appeals has held that inmates who are eligible for release to mandatory supervision do have a protected liberty interest in that release.  See Ex parte Geiken, 28 S.W.3d 553, 558-59 (Tex. Crim. App. 2000) (en banc).  An inmate's interest in parole, however, is entirely speculative, and as such, an inmate has no constitutional expectancy in parole.  Malchi, 211 F.3d at 957 (quoting Madison, 104 F.3d at 768); see also Orellana v. Kyle, 65 F.3d 29, 32 (5th Cir. 1995) (per curiam) (citations omitted) (petitioner has no liberty interest in obtaining parole in Texas).  Thus, to the extent Petitioner claims that his loss of good time credits adversely affects his parole eligibility, he fails to state a constitutional claim.

Because Petitioner has no constitutional expectancy of early release on parole, he is only entitled to due process in the context of lost good time credits if

he has a liberty interest in mandatory supervision. To have a liberty interest in mandatory supervision, the inmate must be eligible for such supervised release. See Malchi, 211 F.3d at 957-58 (only sanctions that result in the loss of good-time credits for inmates who are eligible for release on mandatory supervision or that otherwise directly and adversely affect release on mandatory supervision will impose upon a liberty interest) (citations omitted). Pursuant to Texas law, inmates are not eligible for release to mandatory supervision if they are serving a sentence for certain crimes. See Tex. Code Crim. Proc. Ann. art. 42.18 § 8(c) (1992). Petitioner was convicted of second degree robbery, which bars him from consideration for mandatory supervision. Id.; see also Tex. Penal Code § 29.02 (1992) (robbery statute). Thus, to the extent Petitioner claims that his loss of good time credits adversely affects his eligibility for mandatory supervision, he fails to state a constitutional claim.

    Therefore, because Petitioner has no liberty interest in his good time credits with respect to either parole or mandatory supervision, it is respectfully recommended that he fails to state a claim based on his loss of good time credits, and dismissal is appropriate.

### 2. Petitioner had no liberty interest in his line class status.

Petitioner also challenges the reduction in line class from S3 to L1. (D.E. 1, at 8). The Fifth Circuit has held that prisoners do not have a protected interest in assignment to any good-time credit earning status. Malchi, 211 F.3d at 958-59; Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995) (per curiam). Accordingly, it is respectfully recommended that Petitioner also fails to state a claim based on the change in his line class, and dismissal is appropriate.

### E. Any Violation In Prison Procedural Rules Did Not Invoke Due Process.

Petitioner claims his Due Process rights were violated when the rules and procedures for a disciplinary hearing were not followed. (D.E. 1, at 7). Specifically, he asserts that rules were broken when the DHO at his original hearing recused himself, a new DHO replaced him at a new hearing, and the audiotape from the initial hearing was not considered in the new hearing , id., as well as when he was placed in pre-hearing detention more than 72 hours before his hearing. (D.E. 2, at 2).

Petitioner's Due Process rights for his hearing were clearly set out in Wolff. Even if normal prison procedures regarding the disciplinary hearing and Petitioner's pre-hearing detention were not followed, which is not entirely clear from the record, Petitioner was still afforded every right detailed in Wolff. See 418

U.S. at 564-66.

Furthermore, prisoners have a liberty interest in freedom from restrictions affecting the quantity – not quality – of time spent in custody. Madison, 104 F.3d at 767. Petitioner's placement in pre-hearing detention affected the quality of his time served, not the quantity. Accordingly, even if Petitioner was placed in detention longer than prison rules normally instructed, that is not a constitutional violation he may redress through this petition for habeas corpus. Therefore, it is respectfully recommended that any violation in prison rules and procedures did not violate Petitioner's Due Process rights.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Fifth Circuit from a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability. A district court may sua sponte rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has

just ruled on would be repetitious." Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

The statute establishes that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2254 petitioner to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (citation omitted).

As to claims district courts reject solely on procedural grounds, a petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

It is respectfully recommended that reasonable jurists could not debate the denial on substantive or procedural grounds nor find that the issues presented are adequate to proceed.  Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484).  Accordingly, it is respectfully recommended that the Court find that Petitioner is not entitled to a certificate of appealability.

## VI.  RECOMMENDATION

Based on the foregoing reasons, it is respectfully recommended that Respondent's Motion for Summary Judgment, (D.E. 12), be granted, and that Petitioner's habeas petition, (D.E. 1), be dismissed with prejudice as failing to state a claim upon which relief can be granted.  It is further respectfully recommended that Petitioner be denied a certificate of appealability.

Respectfully submitted this 22nd day of September 2009.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).